**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ARTHUR KARUNAKARAN,
              Appellant,

DOCKET NUMBER
DA-0845-19-0291-I-1

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
              Agency.

DATE: July 18, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Arthur Karunakaran, Garland, Texas, pro se.

Michael Shipley, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the appeal of an Office of Personnel Management (OPM) reconsideration decision for failure to prosecute. For the reasons set forth below,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

On April 19, 2019, the appellant filed a Board appeal challenging an OPM reconsideration decision finding that he had been overpaid in Federal Employees' Retirement System retirement benefits. Initial Appeal File (IAF), Tab 1 at 3, Tab 4 at 6-7. On June 12, 2019, the administrative judge issued an initial decision dismissing the appeal for failure to prosecute. IAF, Tab 7, Initial Decision (ID) at 2-3. The initial decision informed the appellant that it would become final on July 17, 2019, unless a petition for review was filed by that date. ID at 3.

Nearly 9 months later, on April 16, 2020, the appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. On May 1, 2020, the Office of the Clerk of the Board informed the appellant that his petition for review was untimely filed because it was not postmarked or received in its office on or before July 17, 2019. PFR File, Tab 2 at 2. The Clerk's Office afforded the appellant 15 days to file a motion to accept the petition as timely or waive the time limit for good cause, and provided him with a motion form to complete. *Id*. The appellant did not respond. The agency moved to dismiss the petition for review as untimely filed. PFR File, Tab 4 at 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). The date of a filing submitted by mail is determined by the postmark date. 5 C.F.R. § 1201.4(*l*).

As previously noted, the initial decision provided the appellant with notice that July 17, 2019, was the last day on which he could file a petition for review with the Board. ID at 3. The appellant makes no allegation that he did not receive the initial decision or that he received it more than 5 days after it was issued. The appellant's petition for review was postmarked on April 16, 2020; thus, that is its filing date. PFR File, Tab 1 at 3; *see* 5 C.F.R. § 1201.4(*l*). Therefore, it was filed approximately 9 months late.

The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the untimely filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. § 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and the party's showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Notwithstanding the appellant's pro se status, we find that he has failed to show good cause for a waiver of the filing deadline. His nearly 9-month delay in filing his petition for review is significant. *See Wright v. U.S. Postal Service*, 93 M.S.P.R. 444, ¶ 6 (2003) (finding an 8-month filing delay significant). Moreover, the appellant did not respond to the Office of the Clerk of the Board's order to show cause for his untimely filing. To the extent he is alleging that he exercised due diligence when he reached out to several unidentified

representatives on or around January 19, 2020, and that his petition for review was delayed by his financial difficulties, we are not persuaded that such circumstances excuse his untimely filing. PFR File, Tab 1 at 1-2; *see Robinson v. Office of Personnel Management*, 85 M.S.P.R. 589, ¶ 5 (2000) (explaining that the appellant's difficulty in obtaining information to support his case and his asserted financial difficulties did not excuse his untimely filing).

The Board will find good cause for waiver of its filing time limits when a party demonstrates that he suffered from an illness that affected his ability to file on time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). The notice from the Clerk's Office informed the appellant that, to establish that an untimely filing was the result of an illness, he must: (1) identify the time period during which he suffered from the illness; (2) submit medical or other evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his appeal or his petition for review. PFR File, Tab 2 at 7 n.1; *see Lacy*, 78 M.S.P.R. at 437. Here, the appellant does not attribute the untimeliness of his petition for review to a medical condition.[2] Even if we were to consider such a claim, the appellant does not satisfy the *Lacy* standard.

Because the appellant has not shown that he acted with due diligence or that there were circumstances beyond his control that affected his ability to timely file his petition for review, we find that he has failed to establish good cause for his untimely filing of his petition. Accordingly, we dismiss the petition for review as untimely filed.

---

[2] The appellant asserts that, because he was out of the country and in poor health, he was unable to "attend court in Dallas." PFR File, Tab 1 at 1. Such an assertion, which appears to address the appellant's failure to participate in the proceedings before the administrative judge, is not relevant to the timeliness of the petition for review. *See Wright v. Department of the Treasury*, 113 M.S.P.R. 124, ¶ 7 (2010) (finding that the appellant's assertions regarding the merits of a case do not establish good cause for an untimely filed petition for review).

This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the underlying appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.